IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2062-FL

| | | |
|---|---|---|
| TYRONE MANN JEFFERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JONATHAN C. MINER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on the motion to dismiss (DE # 10) pursuant to Federal Rule of Civil Procedure 12(b)(6) of respondent Warden Jonathan C. Miner ("respondent"). The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF THE CASE**

On June 22, 2005, in the United States District Court for the District of Maryland, the grand jury returned a multi-count indictment charging petitioner with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, bank robbery in violation of 18 U.S.C. § 2113(a) and (f), and aiding and abetting in violation of 18 U.S.C. § 2. United States v. Jefferson, No. 1:05-Cr-297-WDQ-1 (D. Md. June 22, 2005). At some point, petitioner was issued a parole violation subsequent to his arrest by federal officials in Maryland, and the United States Parole Commission ("the Commission") issued a detainer in connection with his parole violation.

Petitioner subsequently pleaded guilty in the Maryland district court to bank robbery and attempted bank robbery.[1]  On September 14, 2005, the Maryland district court sentenced petitioner to a term of seventy-eight (78) months imprisonment.  Id.  Petitioner did not appeal his conviction.[2]

On March 5, 2012, petitioner filed this action pursuant to 28 U.S.C. § 2241, alleging that he was denied due process pursuant to the Fifth Amendment to the United States Constitution with regard to the final disposition of the detainer lodged against him for his parole violation in the State of Virginia.  Petitioner also argues that the Commission failed to issue a probable cause warrant or have a probable cause hearing for his parole violation.

Respondent subsequently filed a motion to dismiss arguing that petitioner failed to state a claim upon which relief may be granted.  The matter was fully briefed.

## DISCUSSION

A.    Motion to Dismiss

1.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating whether a claim is stated, "[the] court accepts all well-pled

---

[1]  These charges were set forth in the August 17, 2005, superseding information.  See id. (D. Md. Sept. 14, 2005).

[2] Respondent cites United States v. Jefferson, 843 F.2d 1388 (4th Cir. 1988), in support of its contention that petitioner appealed his September 14, 2005, conviction.  However, this case relates to a prior conviction, and it is not clear how it relates to the instant action.

facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a petitioner to articulate facts that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

       2.      Analysis

          a.     Detainer

Petitioner currently is incarcerated at Rivers Correctional Institution ("Rivers"). He asserts that prison officials at Rivers violated his due process rights because they declined to file for disposition of a detainer lodged against him for his parole violation in the State of Virginia.

A detainer "is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. Nash, 473 U.S. 716, 719 (1985). The Interstate Agreement on Detainers Act ("IADA"), § 2, 18 U.S.C. App. 2, is a compact among forty-eight (48) states, the District of Columbia, and the Federal Government which allows a prisoner incarcerated in one state to demand the speedy disposition of "any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner" by another state. Id. The United States Supreme Court, however, has ruled that the scope of the IADA is limited to detainers lodged against prisoners with new criminal charges pending, and therefore

3

it does not include probation or parole violation charges. Id. at 726. Because petitioner's detainer is for a parole violation, and there is no pending criminal charge, the IADA is inapplicable to petitioner's current detainer. See id. Thus, petitioner failed to state a claim upon which relief may be granted for this claim.

                  b.          Probable Cause Warrant and Hearing

Petitioner asserts that the Commission violated his due process rights because it failed to issue a probable cause warrant and/or failed to conduct a probable cause hearing for his Virginia State parole violation. In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court held that due process mandates that a revocation hearing take place within a reasonable time after a parolee is taken into custody. Id. 485-89. The Court, however, later held that the procedural protection of an immediate hearing is inapplicable where an inmate is in custody pursuant to a federal conviction, and has a detainer lodged against him for a later revocation hearing. Moody v. Daggett, 429 U.S. 78, 87-88 (1976). The Moody Court determined that a prompt hearing was unnecessary under these circumstances because: (1) the subsequent conviction establishes probable cause that a condition of release has been violated; and (2) the detainer does not immediately deprive the inmate of liberty. Id. at 86, n.7; Posey v. Dewalt, 86 F. Supp.2d 565, 570 (E.D. Va. 1999) (explaining that a parolee has no right to a preliminary hearing when the parole violator warrant simply is lodged as a detainer), appeal dismissed, 215 F.3d 1320 (4th Cir. 2000).

Here, petitioner's parole violator warrant was lodged as a detainer, and the warrant has not yet been executed. Rather, petitioner is in custody pursuant to a federal conviction. Because he is in custody pursuant to a federal conviction, the prompt hearing requirement set forth in Morrissey

4

is inapplicable. Based upon the foregoing, petitioner fails to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 10) is GRANTED, and the action is DISMISSED without prejudice.

SO ORDERED, this the 24th day of January, 2013.

LOUISE W. FLANAGAN
United States District Judge

5